IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANDREWS MECHANICAL, INC., a | ) | |
| Washington Corporation, | ) | No. 34089-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| AARON LOWE, an Individual, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — A $1,160.87 small claims court judgment continues to skyrocket

by imposition of reasonable attorney fees and costs incurred by the creditor because of

the judgment debtor's continuing failure to pay all amounts owed and challenges to the

judgment amount. We are asked to determine the extent to which the trial court may

impose reasonable attorney fees and costs under RCW 12.40.105 when a judgment

creditor lifts the judgment from small claims to the district court and superior court. The

issue on appeal also entails when does a judgment debtor satisfy the judgment.

FACTS

On September 28, 2010, the small claims court granted Andrews Mechanical, Inc.,

a judgment against Aaron Lowe in the amount of $1,160.87, with post-judgment interest thereon at the rate of 12 percent per annum. We do not know the nature of the debt owed by Lowe to Andrews Mechanical. Lowe failed to pay the judgment.

One and one-half years later, Aaron Lowe had yet to pay the judgment. On May 17, 2012, Andrews Mechanical filed a motion, pursuant to RCW 12.40.105, in district court to supplement the small claims court judgment pursuant to RCW 12.40.105. RCW 12.40.105 declares:

> If the losing party fails to pay the judgment within thirty days or within the period otherwise ordered by the court, the judgment shall be increased by: (1) An amount sufficient to cover costs of certification of the judgment under RCW 12.40.110; (2) the amount specified in RCW 36.18.012(2); and (3) any other costs incurred by the prevailing party to enforce the judgment, including but not limited to reasonable attorneys' fees, without regard to the jurisdictional limits on the small claims department.

On July 17, 2012, the district court supplemented the judgment against Aaron Lowe by an additional sum of $3,206.21 for the total amount of $4,367.08. This judgment sum included the principal judgment amount of $1,160.87, post-judgment interest of $250.71, district court costs to Andrews Mechanical of $65.00, and reasonable attorney fees incurred by Andrews Mechanical in the district court in the sum of $2,890.50.

On August 16, 2012, Aaron Lowe appealed the district court judgment to the superior court. Lowe argued that RCW 12.40.105 did not allow the small claims

2

judgment to be increased. On May 2, 2013, the superior court affirmed the July 17, 2012 district court judgment.

On September 20, 2013, Aaron Lowe sought discretionary review from this court. We denied review. Andrews Mechanical claimed it incurred $3,100 in attorney fees in responding to Lowe's motion for discretionary review. Andrews Mechanical sought recovery against Lowe for the fees. This court's commissioner denied Andrews Mechanical's request for fees.

On October 31, 2013, the superior court entered judgment against Aaron Lowe in favor of Andrews Mechanical for $11,025.02. The judgment amount included the district court judgment sum of $4,367.08, interest on that judgment of $610.34, costs incurred by Andrews Mechanical in the superior court of $108.10, and attorney fees incurred by Andrews Mechanical in responding to Lowe's appeal in the superior court of $5,939.50.

On February 24, 2014, Aaron Lowe paid Andrews Mechanical $9,635.00. The post-judgment interest that had accrued on the district court judgment from October 12, 2013 to February 23, 2014 was $182.70. Apparently on November 7, 2014, Andrews Mechanical filed a motion in district court to supplement its judgment by the amount of the additional fees and costs incurred since the entry of the last judgment.

On December 31, 2014, Aaron Lowe brought a motion in superior court for entry of a full satisfaction of judgment. On January 15, 2015, someone entered a partial satisfaction of judgment. On May 15, 2015, the superior court entertained argument on

3

No. 34089-9-III
*Andrews Mechanical Inc. v. Lowe*

Lowe's long pending motion for satisfaction of judgment. The superior court impliedly

denied the motion. The following discussion among the superior court, Aaron Lowe, and

Jon Floyd, Andrews Mechanical's counsel, occurred at the end of the hearing:

> MR. LOWE: If I knew what it was exactly, I'd pay it.
> THE COURT: Mr. Floyd [Andrews Mechanical's counsel] has it in his paperwork.
> MR. LOWE: Can I ask what it is?
> THE COURT: I wrote it down.
> MR. FLOYD: As of the date the judgment was entered, it was $1390.02. But that was a year and a half ago.
> THE COURT: You would have to give him a number with the interest on it. I wrote it down here in my notes. The judgment was signed for $11,025.02 and approximately 9635 had been paid. The balance owing, 1390.02. That is just the arithmetic from those two numbers, it does not include any interest.
>
> Mr. Floyd, if you would please provide Mr. Lowe with an exact number so he will be aware what needs to be paid. I presume you would create a daily amount. Give him an exact number as of the next day and then every day thereafter you would add X dollars, you would owe 50 cents or $2, whatever is the daily amount so Mr. Lowe would know what it is. Okay?

Report of Proceedings (RP) (May 15, 2015) at 8-9. The hearing transcript reflects no

response from attorney Jon Floyd to the court's question.

On May 19, 2015, Aaron Lowe hand delivered a letter and a check, in the sum of

$1,660, to Jon Floyd's law firm. The letter stated that the check fully satisfied the

outstanding judgment. In his appeal brief, Lowe claims that, before tendering the check

he calculated fees and interest owed and added that amount to the sum paid. He does not

4

No. 34089-9-III
*Andrews Mechanical Inc. v. Lowe*

identify the amount of fees calculated and from where he obtained the information to

calculate the fees.

Attorney Jon Floyd responded by letter to Aaron Lowe:

I am in receipt of your May 19, 2015, letter which included a check in the amount of $1,660.00. Your letter indicates that this check is for the outstanding balance of the judgment and interest in Andrews Mechanical v. Lowe. Andrews Mechanical disagrees with that assertion.

The Spokane County Superior Court Judgment was for a total of $11,025.02. You previously paid a total of $9,635 toward that Judgment, leaving a balance of $1,390.02. However, as you know, I have filed a further motion in Spokane County District Court to have the small claims judgment supplemented further. This motion is and was based on the additional fees Mr. Andrews incurred in responding to your appeal to the Court of Appeals, and in filing the newest motion in District Court to further supplement the small claims Judgment. The additional costs and fees being requested come to $4,800. This amount does not include the fees Mr. Andrews incurred for this office to respond to your recent superior court motion for entry of full satisfaction of judgment. Those additional fees come to $850.

Therefore, Mr. Andrews intends on amending his November 7, 2014, Motion to Supplement Judgment in District Court to include the $850 in fees he incurred in responding to your recent superior court motion. The total amount requested will be no less than $5,650.00.

The $1,660 check that you have provided me would bring your total payments to $11,295. However, Mr. Andrews' total costs and fees incurred to date to collect this small claims judgment are now at $15,615. If you remit that total, we will consider this matter to be fully resolved (an additional $4,380 on top of the $1,660 check just provided).

Clerk's Papers (CP) at 89. We do not have a copy of any November 2014 motion to

supplement the judgment referenced in the letter.

5

On June 16, 2015, the superior court entered an order denying Aaron Lowe's motion to enter a full satisfaction of judgment. We assume the order denied Lowe's December 31, 2014 motion that the parties argued on May 15, 2015.

On September 22, 2015, Andrews Mechanical filed a motion in district court to further supplement the district court judgment against Aaron Lowe. We do not know if this motion differed from the motion Andrews Mechanical claims it filed in November 2014. In the September 2015 motion, Andrews Mechanical sought recovery of an additional $7,263.45, beyond the superior court balance of $1,390.02, for fees and costs incurred in collecting the small claims judgment.

On October 30, 2015, Aaron Lowe brought another motion in superior court for entry of a full satisfaction of judgment. Lowe argued that he conformed to the superior court's May 15, 2015, oral ruling that he owed $1,390.02 plus interest accrued thereon. According to Lowe, he paid the judgment in full by tendering the amount of $1,660 on May 19, 2015. On November 6, Jon Floyd, Andrews Mechanical's counsel, filed a responding affidavit, which declared in part:

> Plaintiff acknowledges that with the May 19, 2015, check from Defendant in the amount of $1,660.00 (which has yet to be cashed), he has satisfied the Superior Court Judgment. However, additional fees and costs have been incurred by Plaintiff in responding to further motions brought by Defendant in Superior Court, in responding to the appeal he filed in the Court of Appeals, and in bringing its current motion in District Court to further supplement the judgment. The District Court has original jurisdiction to supplement the judgment based on those additional fees and costs that have been incurred.

6

No. 34089-9-III
*Andrews Mechanical Inc. v. Lowe*

CP at 34.

On November 13, 2015, the superior court conducted a hearing on Aaron Lowe's

motion for entry of satisfaction of judgment. During the hearing, John Harper, substitute

counsel for Andrews Mechanical, commented:

> MR. HARPER: So your Honor, as set forth in the affidavit of Mr. Floyd, Mr. Floyd does acknowledge that the May 19 check in the amount of $1660 that the defendant previously references, and has yet to be cashed, does satisfy the Superior Court judgment. However, it's the position of our client that subsequent filings by the defendant, and appeals and motions, have caused him to incur additional costs and attorneys fees which he would like to seek at the District Court level where jurisdiction is original.
>
> THE COURT: Okay. I'm looking at the affidavit of Mr. Floyd, it is item number 13. About when he acknowledges that there was this hand-delivered check of $1660, which Mr. Lowe indicates he delivered. And you are saying that that $1660 is what is left on the Superior Court judgment, correct? That would have satisfied the judgment.
>
> MR. HARPER: Correct. Up until that date.
>
> THE COURT: So you acknowledge the $1660 would have acknowledged the judgment on or about the May 19th date when they got the $1660 check.
>
> MR. HARPER: Yes, your Honor. And it's the position of the plaintiff, Andrews Mechanical, that he has had to incur additional cost and attorneys fees since that date to respond to the appeal and motions from the defendant.

RP (Nov. 13, 2015) at 15-16. During the November 13 hearing, the superior court

commented to Andrews Mechanical's counsel that Andrews Mechanical should file any

request for supplementation of the judgment with the superior court, not the district court.

At the conclusion of the hearing, the superior court postponed Aaron Lowe's motion until

7

December 11 and directed Andrews Mechanical to file any request for a supplementation of the judgment in time for the request to also be heard on December 11.

On November 24, 2015, Andrews Mechanical filed a motion, pursuant to RCW 12.40.105, to supplement the judgment in the superior court by adding $5,617.50 as a result of reasonable attorney fees and costs incurred in collecting the judgment since May 2, 2013. We do not know why this figure is lower than the amount sought in the September 2015 district court motion. The motion sought fees accrued as a result of Andrews Mechanical's lawyers work in defending the motion for discretionary review in this court, for defending Aaron Lowe's December 2014 motion for satisfaction of judgment, and for defending Lowe's October 2015 motion for satisfaction of judgment. In support of the motion to supplement the judgment, Andrews Mechanical's counsel, Jon Floyd filed a November 24, 2015 affidavit that attached an accounting for fees incurred.

On December 11, 2015, the trial court orally granted Andrews Mechanical's request to supplement the judgment and denied Aaron Lowe's latest motion to enter a satisfaction of judgment. The superior court granted Andrews Mechanical an additional $4,767.50 in attorney fees and costs. On January 13, 2016, the superior court entered judgment against Aaron Lowe in the amount of $4,840.35. The court arrived at the judgment amount as follows:

Small Claims Principal:                    $ 1,160.87

8

| | |
|---|---|
| Post Judgment Interest 12% from 9/28/10 to 07/17/12 | $ 250.71 |
| Costs at District Court | $ 65.00 |
| Attorney Fees at District Court | $ 2,890.50 |
| Post Judgment Interest 12% from 7/18/12 to 10/11/13 | $ 610.34 |
| Costs at Superior Court | $ 108.10 |
| Attorney Fees Incurred After 7/18/12 District Court Judgment | $ 5,939.50 |
| Total Interest, Costs, and Attorney Fees in Superior Court through 10/11/13 | $ 6,2657.94 |
| Total of 10/11/13 Superior Court Judgment | $ 11,025.02 |
| Post Judgment Interest 12% from 10/12/13 to 2/23/14 | $ 171.87 |
| Partial Satisfaction of Judgment 2/24/14 | ($9,635.00) |
| Post Judgment Interest 12% from 2/24/14 to 5/18/15 | $ 170.96 |
| Partial Satisfaction of Judgment 5/19/15 | ($1,660.00) |
| Judgment Supplemented on 12/11/2015 | $ 4,767.50 |
| **TOTAL through 12/11/15** | **$ 4,840.35** |

CP at 97-98.

## LAW AND ANALYSIS

### Superior Court Supplement Judgment

On appeal, Aaron Lowe assigns error to "all decisions made by the trial court in this matter." CP at 100. Nevertheless, his appeal centers around whether, under RCW 4.56.100, he satisfied the judgment when he paid $1,660 on May 19, 2015. He contends the parties agreed that he then satisfied the judgment, and thus the superior court should have entered a satisfaction of judgment. He also claims that the superior court lost jurisdiction to award fees to Andrews Mechanical after he satisfied the judgment in May

9

2015. According to Lowe, Andrews Mechanical needed to have filed a motion to amend the judgment before its receipt of the $1,660, which satisfied the debt owed under the most recent judgment. In the alternative, Andrews Mechanical should have filed, but failed to file, a motion to reopen the satisfied judgment.

Andrews Mechanical responds that Lowe never fully satisfied his obligations under the small claims judgment. Andrews Mechanical emphasizes that, if Lowe does not pay all additional attorney fees incurred, Andrews Mechanical recovers nothing on the debt owed. Under RCW 12.40.105's imposition of attorney fees and costs on the judgment debtor, the legislature intended to make the judgment creditor whole even if the creditor must hire counsel to collect the small claims judgment. According to Andrews Mechanical, RCW 12.40.105 contains no time limit to supplement the judgment for additional attorney fees and costs incurred. We agree with Andrews Mechanical.

Although this court may condole with Aaron Lowe because he genuinely wanted to pay the judgment on May 15, 2015, his payment of May 19, 2015 failed to cover additional fees and expenses incurred by Andrews Mechanical since an earlier entry of judgment. Lowe may have been caught in a perpetual cycle that accrued additional fees at each step, but he deserves blame because of his failure to timely pay the small claims judgment and then failing to follow the statutory process for satisfying a judgment. The law awards Andrews Mechanical fees until payment of the principal judgment, interest accrued, and reasonable attorney fees and costs incurred, and the trial court did not err in

10

granting each request to supplement the judgment.

The trial court's grant of attorney fees was based on RCW 12.40.105, which we repeat:

> If the losing party fails to pay the judgment within thirty days or within the period otherwise ordered by the court, the judgment shall be increased by: (1) An amount sufficient to cover costs of certification of the judgment under RCW 12.40.110; (2) the amount specified in RCW 36.18.012(2); and (3) *any other costs incurred by the prevailing party to enforce the judgment, including but not limited to reasonable attorneys' fees*, without regard to the jurisdictional limits on the small claims department.

(Emphasis added.) The process of collecting a judgment is technical in nature and difficult for a layperson to follow. The legislature intended to allow the judgment creditor the right to hire counsel to collect the judgment without the cost of counsel significantly reducing, if not overcoming, the small claims judgment.

We note that Aaron Lowe does not challenge the reasonableness of the fees incurred by Andrews Mechanical. We further observe that the superior court likely awarded recovery by Andrews Mechanical for fees incurred during Lowe's request for discretionary review before this court, despite our court commissioner denying Andrews Mechanical's application for fees. We do not address whether the superior court may award fees for work on which this court previously rejected recovery.

Aaron Lowe relies on RCW 4.56.100(1) and RCW 4.84.120 to support his contention that he satisfied the judgment when he paid the $1,660 in May 2015. The

11

former statute reads, in part:

> When any judgment for the payment of money only have been paid or satisfied, the clerk of the court in which such judgment was rendered shall note upon the record in the execution docket satisfaction thereof giving the date of such satisfaction upon either the payment to the clerk of the amount of such judgment, costs and interest. . . . Every satisfaction of judgment and every partial satisfaction of judgment which provides for the payment of money shall clearly designate the judgment creditor and his or her attorney, if any, and the judgment debtor, and amount or type of satisfaction, whether the satisfaction is full or partial, the cause number, and the date of the entry of the judgment.

RCW 4.56.100(1). RCW 4.84.120 declares:

> If the defendant in any action pending, shall at any time deposit with the clerk of the court, for the plaintiff, the amount *which he or she admits to be due*, together with all costs that have accrued, and notify the plaintiff thereof, and such plaintiff shall refuse to accept the same in discharge of the action, and shall not afterwards recover a larger amount than that deposited with the clerk, exclusive of interest and cost, he or she shall pay all costs that may accrue from the time such money was so deposited.

(Emphasis added.)

Aaron Lowe argues that Andrews Mechanical, in Jon Floyd's November 6, 2015 affidavit and by John Harper's comments during the November 13, 2015 hearing admitted Lowe paid the amount due under the judgment. Lowe fails to note, however, that both Floyd and Harper legitimately qualified their respective concessions by observing that Lowe now owed additional amounts because of additional costs and fees incurred.

More importantly, Aaron Lowe, if he relies on RCW 4.84.120, never deposited

12

any amount with the clerk of the court. Therefore, RCW 4.84.120 provides him no assistance. Assuming he deposited a sum with the clerk, Lowe may have been entitled to entry of a satisfaction of judgment. Since he did not do so, we need not address whether the entry of the satisfaction would have prevented Andrews Mechanical from seeking another judgment for fees and costs incurred since entry of the satisfied judgment.

Aaron Lowe cites three foreign cases wherein the courts denied a judgment debtor additional fees and costs after satisfaction of judgment. None of these cases benefit Lowe because Lowe never obtained a satisfaction of judgment and never followed the procedure under RCW 4.84.120 for satisfaction of the judgment.

The superior court did not err when granting Andrews Mechanical the additional judgment on January 13, 2016. RCW 12.40.105 dictates recovery by the small claims judgment creditor of reasonable attorney fees and costs incurred until satisfaction of the judgment.

## Fees and Costs on Review

Both parties request attorney fees and costs under RAP 18.1. We award reasonable attorney fees and costs incurred by Andrews Mechanical on appeal in an amount to be determined by our court commissioner.

For fees and costs to be available on appeal, some applicable law beyond RAP 18.1 must make fees and costs available. RCW 12.40.105(3) allows recovery of "any other costs incurred by the prevailing party to enforce the judgment, including but not

13

limited to reasonable attorneys' fees, without regard to the jurisdictional limits on the small claims department." The broad language of the statute applies to defending the judgment on appeal.

## CONCLUSION

We affirm the trial court's January 2016 judgment in favor of Andrews Mechanical. We award Andrews Mechanical costs and reasonable attorney fees incurred on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

14